UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

                Plaintiff,

    v.

FPI MANAGEMENT, INC., et al.,

                Defendants.

CASE NO. C22-0336JLR

ORDER

## I.   INTRODUCTION

Before the court is Plaintiff Henry James's complaint against Defendants FPI

Management, Inc. ("FPI"), Cindy Hager, Kristopher Williamson, Mirza Hadjaravic,

Brannden Francisco, Kristopher Dillard, Amanda Martinez, Teresa Lara Zillen, Shandy

D. Cobane, Jennifer Turner, the Honorable Sean P. O'Donnell, the Honorable Arthur R.

Chapman, the Honorable Annette M. Messitt, the Honorable Ricardo S. Martinez, Marlon

Robbinson, Dan Satterberg, Brien O'Farrell, Ron Cielo, G. Karlsson, Ron Jenkins, Kerra

Lampman-Warnke, and Mehrdad Rahimzadeh (collectively, "Defendants").  (Compl.

(Dkt. # 8); Supp. (Dkt. # 8-1).[1])  Mr. James is proceeding *pro se* and *in forma pauperis* ("IFP").  (*See generally id.*; IFP Order (Dkt. # 7).)  Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not only those filed by prisoners).  The court has reviewed Mr. James's complaint and has determined that the allegations therein fail to state a claim upon which relief can be granted.  Accordingly, the court DISMISSES Ms. James's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court GRANTS Mr. James leave to amend his First, Fourth, and Fourteenth Amendment Section 1983 official and individual capacity claims against the FPI Defendants,[2] the Seattle Defendants,[3] and the King County Defendants.[4]

## II.   BACKGROUND

Mr. James filed a motion to proceed IFP and a proposed complaint on March 21, 2022.  (*See* IFP Mot. (Dkt. # 1).)  Magistrate Judge S. Kate Vaughan granted Mr. James's

---

[1] When the court refers to Mr. James's complaint, the court refers to the document filed at docket entry eight and the accompanying exhibit.  The court uses the numbers in the CM/ECF header when citing to the pages in Mr. James's complaint and accompanying exhibit.

[2] The court refers to FPI and its employees, Cindy Hager, Kristopher Williamson, Mirza Hadjaravic, Kristopher Dillard, Teresa Lara Zillen, Marlon Robbinson, Kerra Lampman-Warnke, and Mehrdad Rahimzadeh, as the "FPI Defendants."

[3] The court refers to Brannden Francisco, Amanda Martinez, Shandy D. Cobane, Ron Cielo, and Ron Jenkins as the "Seattle Defendants."

[4] The court refers to G. Karlsson, Brien O'Farrell, Dan Satterberg, and Jennifer Turner as the "King County Defendants."

IFP motion and recommended that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*See generally* IFP Order at 2.)

Mr. James initiated this action based on a number of issues.  First, he describes ongoing disputes with FPI, the management company of his apartment building, and its employees.  (*See generally* Supp. at 7-28.)  He alleges that these disputes are due to, among other things, his race and his filing of a lawsuit against FPI.  (*See generally id.*)  Second, he alleges claims that arise from his civil case against FPI in the Western District of Washington, his criminal prosecutions in King County Superior Court, and FPI's eviction proceeding against him in King County Superior Court.  (*See generally id.*)  Mr. James alleges that Defendants' conduct violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights while acting under the color of federal, state, and local law.  (*See generally id.* at 7-10, 12.)  He brings his claims against U.S. District Court Chief Judge Martinez under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and his claims against the remaining Defendants under 42 U.S.C. § 1983.  (*See generally* Compl. at 5.)  Mr. James sues each Defendant in their individual and official capacities.  (*See* Compl. at 2-3; Supp. at 1-6.)

### III.     ANALYSIS

The court begins by setting forth the standard of review before turning to its analysis of Mr. James's complaint.

### A.     Standard of Review

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action

1  fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

2  such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Mr. James is a *pro se* plaintiff, the

3  court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055

4  (9th Cir. 1992).  Nonetheless, his complaint must still contain factual allegations "enough

5  to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

6  U.S. 544, 555 (2007).  The court need not accept as true a legal conclusion presented as a

7  factual allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the pleading

8  standard announced by Federal Rule of Civil Procedure 8 does not require "detailed

9  factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-

10 harmed-me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to

11 "plead[] factual content that allows the court to draw the reasonable inference that the

12 defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

13 **B.    Mr. James's Complaint**

14       Below, the court begins by discussing Mr. James's claims against Judge

15 O'Donnell, Judge Chapman, Judge Messitt, and Chief Judge Martinez (collectively, the

16 "Judicial Defendants") before turning to address his claims against the FPI, King County,

17 and Seattle Defendants.

18       1.   Judicial Defendants

19       Judges are absolutely immune from liability for acts performed in their judicial

20 capacities.  *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (stating that "judges defending

21 against § 1983 actions enjoy absolute immunity from damages liability for acts

22 performed in their judicial capacities"); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th

Cir. 2018) (stating that 42 U.S.C. § 1983 provides judicial officers immunity from injunctive relief when the common law would not); *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1388-90, 1394 (9th Cir. 1987) (stating that judicial immunity bars monetary, declaratory, and injunctive relief against federal judges in a *Bivens* action for acts performed in their judicial capacities).  "Judicial acts are those involving the 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'"  *Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)).

"[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  The immunity applies no matter how "erroneous the [judge's] act may have been, and however injurious in its consequences [the act] may have proved to the plaintiff."  *Ashelman v. Pope*, 793 F.2d 1072, 1074-75 (9th Cir. 1986) (en banc) (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) ("Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party.").  Judicial immunity does not, however, extend to "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *See Mireles*, 502 U.S. at 11-12.

Furthermore, claims for damages against a state or federal judge in their official capacity are essentially claims "against the [judge's] office and thus the sovereign itself." *Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's //

1    office and thus the sovereign itself.").[5]  The doctrine of sovereign immunity prevents

2    federal courts from entertaining suits seeking damages under Section 1983 or *Bivens*

3    against a State or the United States, absent an express waiver of sovereign immunity.  *See*

4    *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Consejo*, 482 F.3d at 1173.

5         Here, Mr. James sues the Judicial Defendants for money damages in their official

6    and individual capacities.  (*See* Compl. at 5; Supp. at 3-4, 8-9, 28.)  Chief Judge Martinez

7    is a federal district court judge and Judges Chapman, O'Donnell, and Messitt are King

8    County Superior Court judges.  (*See* Supp. at 3-4.)  Mr. James alleges that these judges

9    "aided and abetted" FPI and prosecutors in maliciously prosecuting Mr. James by, among

10   other things, allowing them to take Mr. James to trial and by making rulings against Mr.

11   James.  (*See id.* at 8-9; *see also* 20-24.)

12        A review of Mr. James's complaint indicates that the actions to which he objects

13   are judicial acts that were not taken in the complete absence of all jurisdiction.  (*See, e.g.*,

14   *id.* at 8-9, 20-24); *Rackliff*, 2019 WL 1040399, at *2.  Thus, he fails to state a claim

15   against the Judicial Defendants in their individual capacities because such claims are

16   barred by the doctrine of judicial immunity.  *See Ashelman*, 793 F.2d at 1075 (stating that

17

18        [5] *See also Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482
19   F.3d 1157, 1173 (9th Cir. 2007) ("'[A] *Bivens* action can be maintained against a defendant in
     his or her individual capacity only' . . . . This is because a *Bivens* suit against a defendant in his
     or her official capacity would merely be another way of pleading an action against the United
20   States, which would be barred by the doctrine of sovereign immunity." (citations omitted));
     *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment thus applies to
21   Judge Cowan, who serves as a state court judge and is being sued in his official capacity.");
     *Rackliff v. King Cnty. Superior Ct.*, No. C19-0106JCC, 2019 WL 1040399, at *2 (W.D. Wash.
22   Mar. 5, 2019) ("Plaintiff's claims against Defendant King County Superior Court as an entity
     (and its employees) are barred by the Eleventh Amendment.").

judges are liable only for acts taken in the clear absence of all jurisdiction or acts that are not judicial in nature).  Moreover, his claims against the Judicial Defendants in their official capacities are essentially claims against Washington and the United States and are thus barred by the doctrine of sovereign immunity.[6]  *See Lewis*, 137 S. Ct. at 1291. Accordingly, the court DISMISSES Mr. James's claims against the Judicial Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) because these Defendants are immune from liability.

　　2.  FPI, Seattle, and King County Defendants

　　Mr. James brings Section 1983 claims against the FPI, Seattle, and King County Defendants in their official and individual capacities for alleged violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  (*See* Compl. at 2-3, 5; Supp. at 1-6, 12.)  The court sets forth the legal standard for Section 1983 claims before turning to address the sufficiency of Mr. James's complaint with respect to his claims against the FPI, Seattle, and King County Defendants.

　　　　*a.  Legal Standard for Section 1983 Claims*

　　Section 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  *See* 42 U.S.C. § 1983.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show:

---

[6] The State of Washington has not waived its Eleventh Amendment immunity for Section 1983 civil rights damages actions.  *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982).  And Congress has not explicitly waived the immunity of the United States and its agencies with respect to *Bivens* claims.  *See Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

(1) they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of participation in civil rights violations are not sufficient to support a claim under Section 1983. *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982). Moreover, a defendant cannot be held liable solely on the basis of supervisory responsibility or position; the plaintiff must allege that a defendant's own conduct violated his civil rights. *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) ("A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

### b. *Mr. James's Fifth and Eighth Amendment Claims*

The court begins by addressing the deficiencies in Mr. James's complaint with respect to his official and individual capacity Section 1983 claims against the FPI, Seattle, and King County Defendants for alleged violations of his Fifth and Eighth

1    Amendment rights.  (*See generally* Compl. at 2-3, 5; Supp. at 1-6, 12.)  While Mr. James

2    appears to bring his Fifth Amendment claims under the due process and/or equal

3    protection components of the Fifth Amendment (*see generally* Supp. at 10-28), such

4    claims fail as a matter of law because he does not bring them against federal actors and

5    the Fifth Amendment Due Process and Equal Protection Clauses apply only to actions

6    taken by federal actors.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)

7    (dismissing Fifth Amendment due process and equal protection claims brought against

8    the City of Los Angeles because defendants were not federal actors).  Additionally,

9    because Mr. James's allegations appear to target his treatment in jail and on home

10   detention while awaiting trial for a robbery charge (*see generally* Supp. at 19-24), there is

11   no indication that he was entitled to Eighth Amendment protections at the time of the

12   alleged constitutional violations because the Eighth Amendment protects only convicted

13   persons, not pretrial detainees.  *See Lee*, 250 F.3d at 686 (stating that the Eighth

14   Amendment's prohibition of cruel and unusual punishment applies only after conviction

15   and sentence).[7]  Accordingly, the court DISMISSES Mr. James's Fifth and Eighth

16   Amendment Section 1983 official and individual capacity claims against the FPI, Seattle,

17   and King County Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

18   //

19   //

20

21   _____

       [7] To the extent that Mr. James wishes to challenge his state court pre-trial conditions of
22   confinement, he may bring such claims under the Due Process Clause of the Fourteenth
     Amendment.  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

1              *c.  Mr. James's Claims Against the FPI Defendants*

2         Liability under Section 1983 only arises if the defendant is acting under color of

3   state law.  *See* 42 U.S.C. § 1983.  It is generally presumed that private individuals and

4   entities do not act "under color of state law" within the meaning of Section 1983.  *See*

5   *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citing

6   *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).

7   Nevertheless, private parties may be held liable under Section 1983 if a plaintiff shows

8   that their "conduct allegedly causing the deprivation of a federal right [was] fairly

9   attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  "The

10  Supreme Court has articulated four tests for determining whether a private [party's]

11  actions amount to state action:  (1) the public function test; (2) the joint action test; (3)

12  the state compulsion test; and (4) the governmental nexus test."  *Tsao v. Desert Palace,*

13  *Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 444-45

14  (9th Cir. 2002)).

15        First, "[u]nder the public function test, when private individuals or groups are

16  endowed by the State with powers or functions governmental in nature, they become

17  agencies or instrumentalities of the State and subject to its constitutional limitations."

18  *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting *Lee v. Katz*, 276 F.3d

19  550, 554-55 (9th Cir. 2002)).  "The public function test is satisfied only on a showing that

20  the function at issue is 'both traditionally and exclusively governmental.'"  *Id.* (quoting

21  *Katz*, 276 F.3d at 555).

22

1    Second, "[t]he joint action test asks whether state officials and private parties have

2    acted in concert in effecting a particular deprivation of constitutional rights." *Tsao*, 698

3    F.3d at 1140 (quoting *Franklin*, 312 F.3d at 445). "This requirement can be satisfied

4    either 'by proving the existence of a conspiracy or by showing that the private party was

5    a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Franklin*,

6    312 F.3d at 445). "Ultimately, joint action exists when the state has 'so far insinuated

7    itself into a position of interdependence with [the private entity] that it must be

8    recognized as a joint participant in the challenged activity.'" *Id.* (quoting *Gorenc v. Salt*

9    *River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989)).

10    Third, "[s]tate action may be found under the state compulsion test where the state

11    has 'exercised coercive power or has provided such significant encouragement, either

12    overt or covert, that the [private actor's] choice must in law be deemed to be that of the

13    State.'" *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (quoting *Blum v.*

14    *Yaretsky*, 457 U.S. 991, 1004 (1982)).

15    Finally, under the nexus test, the court considers whether there is a "sufficiently

16    close nexus between the State and the challenged action of the regulated entity so that the

17    action of the latter may be fairly treated as that of the State itself." *Id.* at 1120 (quoting

18    *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

19    Unlike the Seattle and King County Defendants, the FPI Defendants are private

20    individuals and entities (*see generally* Compl. at 2-3; Supp. at 1-2, 4, 6) and thus are

21    presumed not to act "under color of state law" within the meaning of Section 1983. Mr.

22    James's complaint is devoid of allegations that, if taken as true, show that the FPI

1    Defendants' conduct was "fairly attributable to the State." *Lugar*, 457 U.S. at 937.

2    Accordingly, Mr. James fails to state Section 1983 claims against the FPI Defendants,

3    and the court DISMISSES his claims against the FPI Defendants pursuant to 28 U.S.C.

4    § 1915(e)(2)(B).  If Mr. James wishes to continue pursuing Section 1983 claims against

5    the FPI Defendants, he must establish, among other things, that the FPI Defendants'

6    actions amount to state action under one of the four above-mentioned tests.  *See Tsao*,

7    698 F.3d at 1140 (stating that a Section 1983 plaintiff has the burden to plead and prove

8    state action by a private defendant).

9           d.  *Mr. James's Individual Capacity Claims Against the Seattle and King
                 County Defendants*

10          Having dismissed Mr. James's Section 1983 claims for violations of his Fifth and

11   Eighth Amendment rights, *see supra* Section III.B.2.b, the court now addresses Mr.

12   James's official and individual capacity Section 1983 claims for violations of his First,

13   Fourth, and Fourteenth Amendment rights.  A review of Mr. James's complaint leads the

14   court to conclude that Mr. James must allege with more specificity the ways in which

15   each alleged act of retaliation (*see generally* Supp. at 10-28) violated his First, Fourth,

16   and Fourteenth Amendment rights.  *See, e.g.*, *Peoples v. Schwarzenegger*, 402 F. App'x

17   204, 205 (9th Cir. 2010) (holding that the district court properly dismissed the plaintiff's

18   Section 1983 retaliation claim because "his conclusory allegations did not connect any

19   defendant's alleged misconduct with the alleged infringement of his First Amendment

20   rights").  For example, Mr. James fails to allege whether he brings his claims under the

21   Equal Protection Clause or Due Process Clause of the Fourteenth Amendment or whether

22

1    each alleged instance of retaliation violated his First, Fourth, or Fourteenth Amendment

2    rights.  (*See generally* Compl.; Supp.)  Moreover, he must clearly identify each named

3    defendant's involvement in the constitutional violation for which he is suing that specific

4    defendant.  *See Arnold*, 637 F.2d at 1355; *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th

5    Cir. 1985) (noting that, to state a Section 1983 claim for retaliation, a plaintiff must

6    establish, among other things, that the defendant's conduct impermissibly infringed on

7    the plaintiff's protected activity).

8           Finally, with respect to Mr. James's individual capacity claims against King

9    County Prosecutor Dan Satterberg, the court also notes that the factual allegations

10   underlying Mr. James's claims against him are too sparse for the court to assess whether

11   he is entitled to prosecutorial immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430

12   (1976) (holding that prosecutorial immunity protects eligible government officials when

13   they perform functions "intimately associated with the judicial phase of the criminal

14   process"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (stating that

15   prosecutorial immunity extends to "those functions in which the prosecutor acts as an

16   'advocate for the State,' even if they 'involve actions preliminary to the initiation of a

17   prosecution and actions apart from the courtroom.'"  (quoting *Burns v. Reed*, 500 U.S.

18   478, 486 (1991))).  To the extent that Mr. James's claims against Mr. Satterberg are

19   based on his allegation that Mr. Satterberg "allowed/aided and abetted [FPI] and his

20   prosecutors to try too [sic] maliciously prosecute [Mr. James] for a crime he did not

21   commit" (*see* Supp. at 9), such a claim is barred by the doctrine of prosecutorial

22   immunity.  *See Imbler*, 424 U.S. at 427 (stating that such immunity applies even if it

1    leaves "the genuinely wronged defendant without civil redress against a prosecutor

2    whose malicious or dishonest action deprives him of liberty"); *Botello v. Gammick*, 413

3    F.3d 971, 976 (9th Cir. 2005) (noting that a prosecutor has absolute immunity for the

4    decision to prosecute or not to prosecute a particular case).  However, to the extent Mr.

5    James's claims are based on his allegation that Mr. Satterberg conspired with other

6    Defendants to file a false police report (*see* Supp. at 19), such a claim is not necessarily

7    barred by prosecutorial immunity.  *See Botello*, 413 F.3d at 975-76 (stating that when

8    prosecutors perform administrative or other investigative functions, only qualified

9    immunity is available, and that the court looks at the nature of the function performed to

10   determine whether an action is judicial, administrative or investigative).

11          Thus, the court DISMISSES Mr. James's Section 1983 individual capacity claims

12   against the Seattle and King County Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

13   If Mr. James intends to continue to pursuing these Section 1983 individual capacity

14   claims, he must establish:  (1) the constitutional right he believes was violated; (2) the

15   named defendant who violated the right; (3) when the violation occurred; (4) exactly

16   what the individual did or failed to do; (5) how the action or inaction of the individual is

17   connected to the violation of his constitutional rights; and (6) what specific injury he

18   suffered because of the individual's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.  If Mr.

19   James amends his complaint to sufficiently allege that the FPI Defendants are state

20   actors, *see supra* Section III.B.2.c, he must also establish these factors with respect to

21   each of the FPI Defendants in order to state claims against them in their individual

22   capacity for violations of his First, Fourth, and Fourteenth Amendment rights.

Additionally, if he intends to continue pursuing Section 1983 individual capacity claims against Mr. Satterberg, he must allege sufficient facts to establish that the conduct for which he is suing Mr. Satterberg is not prosecutorial in nature.  *See Botello*, 413 F.3d at 975-76.

> e.   *Mr. James's Official Capacity Claims Against the Seattle and King County Defendants*

Mr. James's Section 1983 official capacity claims against the Seattle and King County Defendants (*see generally* Compl. at 5; Supp. at 1-6) are, in effect, claims against these Defendants' respective local governmental units—namely, the City of Seattle and King County.[8]  *See Graham*, 473 U.S. at 165-66 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  Local government entities may be sued under Section 1983 for monetary or equitable relief where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Monell*, 436 U.S. at 690-94 (stating that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; the policy of the governmental entity of which the official is an agent must be the "moving force [behind] the constitutional violation"); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").

---

[8] "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.* (quoting *Monell v. N.Y.C. Dep't Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . not a suit against the official personally, for the real party in interest is the entity."  *Id.*

1    "To impose *Monell* liability on a municipality under Section 1983, a plaintiff must

2    prove:  (1) [that he] had a constitutional right of which he was deprived; (2) the

3    municipality had a policy; (3) the policy amounts to deliberate indifference to his

4    constitutional right; and (4) 'the policy is the moving force behind the constitutional

5    violation.'"  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting

6    *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)); *Bd. of Cnty. Comm'rs v.*

7    *Brown*, 520 U.S. 397, 417 (1997) (stating that *Monell* liability is established where "the

8    appropriate officer or entity promulgates a generally applicable statement of policy and

9    the subsequent act complained of is simply an implementation of that policy").  A

10   governmental policy is "a deliberate choice to follow a course of action . . . by the official

11   or officials responsible for establishing final policy with respect to the subject matter in

12   question."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

13   "A plaintiff can satisfy *Monell*'s policy requirement in one of three ways."

14   *Gordon*, 6 F.4th at 973 (citing *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th

15   Cir. 2014) (per curiam)).  First, the plaintiff can prove that the local government

16   employee committed the alleged constitutional violation "pursuant to an expressly

17   adopted official policy."  *Id.* (quoting *Thomas*, 763 F.3d at 1170).  Second, the plaintiff

18   can establish that the local government employee committed the alleged constitutional

19   violation pursuant to a "longstanding practice or custom which constitutes the 'standard

20   operating procedure' of the local governmental entity."  *Jett v. Dallas Indep. Sch. Dist.*,

21   491 U.S. 701, 737 (1989).  "Such circumstances may arise when, for instance, the public

22   entity 'fail[s] to implement procedural safeguards to prevent constitutional violations' or,

1    sometimes, when it fails to train its employees adequately." *Gordon*, 6 F.4th at 973

2    (quoting *Tsao*, 698 F.3d at 1143); *see Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.

3    1992) (stating that a local governmental entity may be liable if it has a "policy of inaction

4    and such inaction amounts to a failure to protect constitutional rights").  Third, the

5    plaintiff can prove that "'the individual who committed the constitutional tort was an

6    official with final policy-making authority' or such an official 'ratified a subordinate's

7    unconstitutional decision or action and the basis for it.'"  *Gordon*, 6 F.4th at 974 (quoting

8    *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled on*

9    *other grounds*); *see Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (noting that a

10   municipality may be held liable when "the tortfeasor was an official whose acts fairly

11   represent official policy such that the challenged action constituted official policy").

12           Here, Mr. James's complaint fails to satisfy *Monell*'s policy requirement.  *Gordon*,

13   6 F.4th at 973; *Monell*, 436 U.S. at 690-94.  Mr. James does not, for example, allege that

14   the Seattle and King County Defendants violated his constitutional rights "pursuant to an

15   expressly adopted official policy" or a "longstanding practice or custom."  (*See generally*

16   Compl.; Supp.); *Gordon*, 6 F.4th at 973.  Nor does he allege that any of these Defendants

17   had final decision-making authority on a certain issue and promulgated or ratified

18   specific policies that caused the alleged constitutional violations.  (*See generally* Compl.;

19   Supp.); *Gordon*, 6 F.4th at 974.  Under *Iqbal*, the court finds Mr. James's allegations as

20   to his official capacity claims against these Defendants to be insufficient to give fair

21   notice and to enable them to defend themselves effectively.  *See Little v. Gore*, 148 F.

22   Supp. 3d 936, 957 (S.D. Cal. 2015) (stating that, following *Iqbal*, "[c]ourts in this circuit

1  now generally dismiss claims that fail to identify the specific content of the municipal

2  entity's alleged policy or custom").

3  Accordingly, the court DISMISSES Mr. James's Section 1983 official capacity

4  claims against the Seattle and King County Defendants pursuant to 28 U.S.C.

5  § 1915(e)(2)(B).  If Mr. James wishes to maintain his Section 1983 official capacity

6  claims against the Seattle and King County Defendants, he must sufficiently identify a

7  policy, custom, or practice of their respective offices that was the "moving force" behind

8  the constitutional violations allegedly committed by these Defendants.  *See Monell*, 436

9  U.S. at 690-94.  He must also establish the remaining elements of a *Monell* liability

10  claim, as laid out above.  *See Gordon*, 6 F.4th at 973.  If Mr. James amends his complaint

11  to sufficiently allege that the FPI Defendants are state actors, *see supra* Section III.B.2.c,

12  he must also establish the elements of *Monell* liability with respect to each of the FPI

13  Defendants in order to state claims against them in their official capacity for violations of

14  his First, Fourth, and Fourteenth Amendment rights.

15  **C.  Leave to Amend**

16  When dismissing a complaint for failure to adequately state a claim, "leave to

17  amend should be granted unless the court determines that the allegation of other facts

18  consistent with the challenged pleading could not possibly cure the deficiency."

19  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986);

20  *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A

21  district court does not err in denying leave to amend where the amendment would be

22  futile."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (stating that a district court

should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988))).

Because Mr. James's claims against the Judicial Defendants are barred by the doctrines of sovereign and judicial immunity, *see supra* Section III.B.1, the court concludes that any amendments to those claims would be futile and dismisses those claims without leave to amend.  Similarly, the court dismisses Mr. James's Fifth and Eighth Amendment Section 1983 official and individual capacity claims without leave to amend because any amendments as to these claims, too, would be futile.  *See supra* Section III.B.2.b.

Although Mr. James has failed to plausibly plead his official and individual capacity claims against the FPI, Seattle, and King County Defendants, *see supra* Sections III.B.2.c-e, the court cannot conclude that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *See Akhtar*, 698 F.3d at 1212.  Thus, the court GRANTS Mr. James leave to amend his First, Fourth, and Fourteenth Amendment Section 1983 official and individual capacity claims against the FPI, Seattle, and King County Defendants.  If Mr. James chooses to file an amended complaint as to these claims, he shall do so within fourteen (14) days of the date of this order.  If Mr. James fails to timely file an amended complaint that remedies the aforementioned deficiencies,[9] the court will dismiss these claims without leave to amend.

---

[9] The court refers Mr. James to Sections III.B.2.c-e of this order for information regarding the specific amendments that he must make to sufficiently establish his First, Fourth,

# IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. James's complaint (Dkts. ## 8, 8-1) pursuant to 28 U.S.C. § 1915(e)(2)(B).  Specifically, the court:

1.     DISMISSES Mr. James's claims against the Judicial Defendants with prejudice and without leave to amend;

2.     DISMISSES Mr. James's Fifth and Eighth Amendment Section 1983 official and individual capacity claims against the FPI, Seattle, and King County Defendants with prejudice and without leave to amend;

3.     DISMISSES Mr. James's First, Fourth, and Fourteenth Amendment Section 1983 official and individual capacity claims against the FPI, Seattle, and King County Defendants without prejudice and with leave to amend.  If Mr. James chooses to file an amended complaint as to the First, Fourth, and Fourteenth Amendment official and individual capacity claims against the FPI, Seattle, and King County Defendants, he shall do so within fourteen (14) days of the date of this order.  If Mr. James fails to timely file an amended complaint that remedies the deficiencies addressed above, the court will dismiss these claims with prejudice and without leave to amend.

The Clerk is DIRECTED to send a copy of this order to Mr. James.

//

//

//

---

and Fourteenth Amendment Section 1983 official and individual capacity claims against the FPI, Seattle, and King County Defendants.

Dated this 11th day of May, 2022.

JAMES L. ROBART
United States District Judge